# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| **ABIL TESHOME,** | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| **MAINE STATE PRISON,** | ) |
| Located in Warren, Maine; | ) **COMPLAINT AND** |
| **STATE OF MAINE/** | ) **DEMAND FOR** |
| **DEPARTMENT OF CORRECTIONS** | ) **JURY TRIAL** |
| Augusta, Maine; | ) |
| **CORRECT CARE SOLUTIONS,** a | ) |
| Corporation doing business in Maine organized | ) |
| Under the laws of Tennessee. | ) |
| **JOHN DOE 1;** individually and as an employee | ) |
| Of the Maine State Prison; | ) |
| **JOHN DOE 2;** individually and as an employee | ) |
| Of the Maine State Prison; | ) |
| **JOHN DOE 3;** individually and as an employee | ) |
| Of the Correct Care Solutions; | ) |
| | |
| Defendants | ) |

**NOW COMES** Plaintiff, Abil Teshome, by and through counsel, Jon C. Gale,

Esq., and complains against Defendants as follows:

## JURISDICTION

1.     This action arises under 42 United States Code (U.S.C.) §§ 1983,

1985, and 1988; the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the

United States Constitution; Article 1 §§ 1, 6, 6-A and 9 of the Maine Constitution;

5 M.R.S.A. § 4682 (the Maine Civil Rights Act); 15 M.R.S.A. § 704; and 14

M.R.S.A. § 8101 *et seq.* (the Maine Tort Claims Act).

2.     This Honorable Court has original jurisdiction of Plaintiff's

Complaint pursuant to 28 U.S.C. §§ 1331 and 1343.

3.     This Honorable Court may exercise supplemental jurisdiction over

related state law claims pursuant to 28 U.S.C. § 1367.

4.     This Honorable Court wields jurisdiction over each Defendant named

herein pursuant to 14 M.R.S.A. § 704-A in that each Defendant is domiciled in the

State of Maine.

## VENUE

5.     Venue is properly before this Court pursuant to 28 U.S.C. § 1391 and

Rule 9(a) of the rules of the United States District Court for the District of Maine

in that all acts complained of occurred in Knox County, Maine.

## PARTIES

6.     Plaintiff, Abil Teshome, is a citizen of the United States and a

resident of the State of Maine, residing in Warren.

7.     Defendant State of Maine/Department of Corrections, is a State

2

Agency of the State of Maine that is responsible for the direction and general administrative supervision, guidance and planning of adult correctional facilities of the State of Maine, including defendant Maine State Prison, located in Warren, Maine.

8.    Defendant Maine State Prison is a correctional facility organized under the administration of the laws of the State of Maine.

9.    Defendant Correct Care Solutions is a healthcare company, now known as Wellpath, that is responsible for provision of healthcare to inmates at the Maine State Prison, and did provide healthcare to Abil Teshome after the events of May 7th, 2018 and at all times thereafter.

10.    Defendant John Doe 1 was at all times mentioned herein acting as an employee at the Maine State Prison.

11.    Defendant John Doe 2 was at all times mentioned herein acting as an employee at the Maine State Prison.

12.    Defendant John Doe 3 was at all times mentioned herein acting as an employee at for Correct Care Solutions.

13.    Plaintiff sues all the defendants, and all defendants and governmental entities have been served with Plaintiff's Notice of Claim, pursuant to the Maine Tort Claims Act, on or before July 15, 2006. *See* Plaintiff's Notice of Claim Attached hereto as Exhibit A.

## STATEMENT OF FACTS

14.    Abil Teshome was convicted of Manslaughter and sentenced to a term of 12 ½ years in May of 2017.

15.    As a result of this arrest Plaintiff was incarcerated at the Maine State Prison that same month.

16.    Mr. Teshome was one of three co-defendants charged in the death of Freddy Akoa on August 9th, 2015.  All three co-defendants were initially charged with Mr. Akoa's murder.

17.    Mr. Teshome, who was 23 years old at the time of Mr. Akoa's death, had no violent criminal history.

18.    One of the co-defendants in the matter was Mohamud Mohamed, a man more than ten years older than Mr. Teshome, who had a serious and lengthy criminal history including felony convictions of violence.

19.    Mohamud Mohamed had spent over eight more hours in the presence of Mr. Akoa on the night of Mr. Akoa's death than had Mr. Teshome, who had withdrawn from the scene while Mr. Akoa was still alive.

20.    Mr. Teshome agreed to plead guilty to Manslaughter, with no set sentence, and agreed to testify in the State's case against Mr. Mohamed.

21.    Thereafter, Mr. Mohamed plead guilty to Murder and was sentenced to a 30-year term.

22.    As a result of this conviction, Mohamud Mohamed was incarcerated at the Maine State Prison.

23.    After Mr. Mohamed was incarcerated at Maine State Prison, Mr. Teshome was sentenced, and despite the history with Mr. Mohamed, was also assigned to serve his term at Maine State Prison.

24.    On the day of Mr. Teshome's  arrival, May 18, 2017, Maine State Prison was informed by Mr. Teshome of the facts of his case as it related to Mr. Mohamed, and specifically requested to be kept apart from Mr. Mohamed for fear of retaliation.

25.    In less than a week from the day of his arrival, Mr. Teshome was directed to walk through an enclosed, outdoor space, as Mr. Mohamed approached him from the opposite direction.

26.    Despite attempting to avoid Mr. Mohamed, Abil Teshome was immediately attacked by Mr. Mohamed, being struck by Mr. Mohamed's fists.

27.    Mr. Teshome was told by Mr. Mohamed as Mr. Mohamed was being restrained by a corrections officer, "I'll get you.  This isn't over."

28.    For the following several months, Mr. Teshome did not see Mr. Mohamed at all. Mr. Teshome, driven by his fear of Mr. Mohamed, remained at all times extremely vigilant in attempting to avoid any contact with Mr. Mohamed.

29.    In May of 2018, Mr. Teshome was asked to work in the kitchen.

Before agreeing to do so, Mr. Teshome specifically described to his manager his concerns about having contact with Mr. Mohamud.  Given certain assurances, Mr. Teshome agreed to work in the kitchen.

30.     Mr. Teshome attempted to remain near guards at all times while he worked at the kitchen.

31.     Mr. Teshome was assigned in the spring of 2018 to direct inmates where to put the remains of their meals, in a compost bin or in a trash bin. Upon being given this assignment, Mr. Teshome requested to be allowed to stand near a guard, but this request was denied.

32.     On or about May 9th, 2018, while working in this specific capacity in the cafeteria, Mr. Teshome was quickly approached by Mr. Mohamed and a second inmate.

33.     Mr. Mohamed and the second man who approached Mr. Teshome immediately and simultaneously attacked Mr. Teshome with shanks each inmate carried.

34.     Mr. Teshome had not initiated contact with either man, and could do no more than attempt to cover himself with his arms from the attack, and attempt to turn away.

35.     Before any employees of the Maine State Prison intervened, Mr. Teshome suffered four puncture wounds in his back, wounds to his neck below his left ear, on his cheek below his left eye, on his nose, inside his

mouth, and several wounds on his left forearm. Many of these wounds left distinct permanent scars.

36.    As a result of this attack, Mr. Teshome suffered severe pain and disfigurement.

37.    As a result of this attack, Mr. Teshome continues to suffer from severe anxiety, depression, and other psychological maladies.

38.    Despite the severity of the wounds, Mr. Teshome was not transported to a hospital, but was instead treated by staff employed by Defendant Correct Care Solutions.

39.    Mr. Teshome's wounds were only covered by superficial bandages by employees of Correct Care Solutions.

40.    As a direct result of Defendants' actions Mr. Teshome suffered enormous amounts of pain and suffered severe emotional distress.

41.    The Maine State Prison, which is responsible for the training and supervision of the correctional officers, failed in its duty to either train or supervise the Defendants as they were acting in their capacity as correctional officers.

42.    Defendant Department of Corrections Department of Corrections, State of Maine failed in their responsibility to adequately direct supervise and guide defendant Maine State Prison to ensure the general safety of Mr. Teshome.

## COUNT I

## VIOLATION OF 42 U.S.C. § 1985

43.     Plaintiff herein incorporates each and every allegation and averment contained in Paragraphs 1 through 72 as fully set forth herein.

44.     Defendants acted in concert and agreed to commit acts against the Plaintiff to deny the protections guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

45.     Defendants' actions inflicted a wrong and/or injury upon Plaintiff that resulted in damages.

46.     Defendants' actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

47.     An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

48.     Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

49.     An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

50.     Costs and attorneys' fees to the extent allowable by law. *See* 42

U.S.C. § 1988.

51.    Such further relief as the Court deems proper and just.

## COUNT II

## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT JOHN DOE 1

52.    Plaintiff herein incorporates each and every allegation and averment contained in Paragraphs 1 through 82 as fully set forth herein.

53.    Defendant John Doe 1 unreasonably and/or intentionally committed acts and/or omissions while acting under color of state law that violated Plaintiff's clearly established rights to bodily integrity, to be free from the use of excessive force, and his right to an action to pursue a claim for the deprivation of these rights as enumerated by the Fourth and Eighth Amendment to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

54.    Defendant John Doe 1 unreasonably and/or intentionally committed acts and/or omissions while acting under the color of state law that violated Plaintiff's clearly established right to due process as enumerated by the Fifth and Fourteenth Amendments to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

55.    A reasonable person would have known that the acts and/or omissions committed by Defendant John Doe 1 violated Plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States

Constitution.

56.     The unlawfulness of Defendant John Doe 1's acts and/or omissions was apparent at the time they were committed in light of pre-existing law.

57.     Defendant John Doe 1's actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

58.     An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

59.     Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

60.     An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

61.     Costs and attorneys fees to the extent allowable by law. *See* 42 U.S.C. § 1988.

62.     Such further relief as the Court deems proper and just.

## COUNT III

## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT JOHN DOE 2

Plaintiff herein incorporates each and every allegation and averment contained in

Paragraphs 1 through 95 as fully set forth herein.

63.    Defendant John Doe 2 unreasonably and/or intentionally committed acts and/or omissions while acting under color of state law that violated Plaintiff's clearly established rights to bodily integrigy and adequate medical care, to be free from the use of excessive force and deliberate indifference to an inmate's health and safety, and his right to an action to pursue a claim for the deprivation of these rights as enumerated by the Fourth and Eighth Amendment to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

64.    Defendant John Doe 2 knew of, or reasonable should have known about Plaintiff's serious medical needs.

65.    Defendant John Doe 2 exhibited deliberate indifference to Plaintiff's serious medical needs which resulted in a rick of serious damage to Plaintiff's health and future functioning.

66.    Defendant John Doe 2 unreasonably and/or intentionally committed acts and/or omissions while acting under the color of state law that violated Plaintiff's clearly established right to due process as enumerated by the Fifth and Fourteenth Amendments to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

67.    A reasonable person would have known that the acts and/or omissions committed by Defendant John Doe 2 violated Plaintiff's rights as guaranteed by

the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

68.    The unlawfulness of Defendant John Doe 2's acts and/or omissions was apparent at the time they were committed in light of pre-existing law.

69.    Defendant John Doe 2's actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.    An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.    Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c.    An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.    Costs and attorneys' fees to the extent allowable by law. *See* 42 U.S.C. § 1988.

e.    Such further relief as the Court deems proper and just.


**COUNT IV**

**VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT CORRECT CARE SOLUTIONS**

70.    Plaintiff herein incorporates each and every allegation and averment contained in Paragraphs 1 through 88 as fully set forth herein.

71.    The failure to hire, train and supervise employees along with the policies, customs, and practices of Correct Care Solutions and its policy makers comprise the cause of, and moving force behind the constitutional violations at issue in this complaint.

72.    Defendant Correct Care Solutions knew of, or reasonable should have known about, Plaintiff's serious medical needs.

73.    Defendant Correct Care Solutions exhibited deliberate indifference to Plaintiff's serious medical needs which resulted in a risk of serious damage to Plaintiff's health and future functioning.

74.    Defendant Correct Care Solutions unreasonably and/or intentionally committed acts and/or omissions while acting under the color of state law that violated Plaintiff's clearly established right to due process as enumerated by the Fifth and Fourteenth Amendments to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

75.    A reasonable person would have known that the acts and/or omissions committed by Defendant Correct Care Solutions violated Plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

76.    The unlawfulness of Defendant Correct Care Solutions' acts and/or

omissions was apparent at the time they were committed in light of pre-existing law.

77.    Defendant Correct Care Solutions' actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

f.    An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

g.    Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

h.    An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

i.    Costs and attorneys' fees to the extent allowable by law. *See* 42 U.S.C. § 1988.

j.    Such further relief as the Court deems proper and just.

## COUNT V

## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT JOHN DOE 3

78.    Plaintiff herein incorporates each and every allegation and averment

contained in Paragraphs 1 through 95 as fully set forth herein.

79.    Defendant John Doe 3 unreasonably and/or intentionally committed acts and/or omissions while acting under color of state law that violated Plaintiff's clearly established rights to bodily integrity and adequate medical care, to be free from the deliberate indifference to an inmate's health and safety, and his right to an action to pursue a claim for the deprivation of these rights as enumerated by the Fourth and Eighth Amendment to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

80.    Defendant John Doe 3 knew of, or reasonable should have known about Plaintiff's serious medical needs.

81.    Defendant John Doe 3 exhibited deliberate indifference to Plaintiff's serious medical needs which resulted in a rick of serious damage to Plaintiff's health and future functioning.

82.    Defendant John Doe 3 unreasonably and/or intentionally committed acts and/or omissions while acting under the color of state law that violated Plaintiff's clearly established right to due process as enumerated by the Fifth and Fourteenth Amendments to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

83.    A reasonable person would have known that the acts and/or omissions committed by Defendant John Doe 3 violated Plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States

Constitution.

84.   The unlawfulness of Defendant John Doe 3's acts and/or omissions was apparent at the time they were committed in light of pre-existing law.

85.   Defendant John Doe 3's actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

k.      An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

l.      Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

m.      An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

n.      Costs and attorneys' fees to the extent allowable by law. *See* 42 U.S.C. § 1988.

o.      Such further relief as the Court deems proper and just.


**COUNT VI**

**VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT STATE OF**

**MAINE/DEPARTMENT OF CORRECTIONS**

86.   Plaintiff herein incorporates each and every allegation and averment contained in Paragraphs 1 through 116 as fully set forth herein.

87.   The policy, customs and practices of State of Maine/Department of Corrections acquiesced and its policy makers comprise the cause of and the moving force behind the constitutional violations at issue in this complaint.

88.   At all relevant times Defendant State of Maine/Department of Corrections acquiesced in a custom, policy, or practice that violates clearly established constitutional rights.

89.   Defendant State of Maine/Department of Corrections acquiesced policies and customs caused the deprivation of Plaintiff's clearly established constitutional and statutory rights and are tantamount to reckless, callous, or deliberate indifference to the rights of Plaintiff.

90.   Defendant State of Maine/Department of Corrections acquiesced actions showed a malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.   An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.   Punitive damages in an amount sufficient to punish and deter

Defendant in the future from engaging in this form of malicious conduct.

c.      An award of pre-judgment interest from the earliest date allowable

by law at the highest rate allowable by law.

d.      Costs and attorneys' fees to the extent allowable by law. *See* 42

U.S.C. § 1988.

e.      Such further relief as the Court deems proper and just.

## COUNT VII

## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT MAINE STATE

## PRISON

91.    Plaintiff herein incorporates each and every allegation and averment

contained in Paragraphs 1 through 116 as fully set forth herein.

92.    The policy, customs and practices of Maine State Prison and its policy

makers comprise the cause of and the moving force behind the constitutional

violations at issue in this complaint.

93.    At all relevant times Defendant Maine State Prison acquiesced in a

custom, policy, or practice that violates clearly established constitutional rights.

94.    Defendant Maine State Prison's policies and customs caused the

deprivation of Plaintiff's clearly established constitutional and statutory rights and

are tantamount to reckless, callous, or deliberate indifference to the rights of

Plaintiff.

95.   Defendant Maine State Prison's actions showed a malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

f.      An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

g.      Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

h.      An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

i.      Costs and attorneys' fees to the extent allowable by law. *See* 42 U.S.C. § 1988.

j.      Such further relief as the Court deems proper and just.

## COUNT VIII

### VIOLATION OF MAINE CIVIL RIGHTS ACT 5 M.R.S.A. § 4682

96.   Plaintiff herein incorporates each and every allegation and averment contained in Paragraphs 1 through 131 as fully set forth herein.

97.   Defendants intentionally attempted to interfere by physical force and threats of physical force with the exercise and enjoyment of Plaintiff's rights

secured by the United States and Maine Constitutions and the laws of the United States and the State of Maine.

98.     The aforementioned acts of Defendants caused Plaintiff harm.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a.      An amount of damages deemed reasonable by the trier of facts sufficient to compensate Plaintiff.

b.      Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c.      An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.      Costs and attorneys' fees to the extent allowable by law.

e.      Such further relief as the Court deems proper and just.

## COUNT IX

## CIVIL CONSPIRACY

99.     Plaintiff herein incorporates each and every allegation and averment contained in Paragraphs 1 through 132 as fully set forth herein.

100.    Defendants committed independently recognized torts contained herein and/or violated Plaintiff's clearly established statutory and constitutional

rights.

101.   Defendants acted in concert to commit aforementioned unlawful acts through unlawful means and in bad faith.

102.   Defendants caused harm to Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a.      An amount of damages deemed reasonable by the trier of facts sufficient to compensate Plaintiff.

b.      Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c.      An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.      Costs and attorneys' fees to the extent allowable by law.

e.      Such further relief as the Court deems proper and just.

## COUNT X

### Intentional Infliction of Emotional Distress

103.   Plaintiff herein incorporates each and every allegation and averment contained in Paragraphs 1 through 140 as fully set forth herein.

104.   Defendants have intentionally or recklessly inflicted severe emotional

distress or knew it was certain or substantially certain that such distress would result from their conduct.

105. Defendants conduct was so extreme and outrageous as to exceed the bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

106. Defendants actions caused Plaintiff emotional distress that is so severe that no reasonable man should be expected to endure it.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a. An amount of damages deemed reasonable by the trier of facts sufficient to compensate Plaintiff.

b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c. An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d. Costs and attorneys' fees to the extent allowable by law.

e. Such further relief as the Court deems proper and just.

## COUNT XI

### Negligent Infliction of Emotional Distress

107. Plaintiff herein incorporates each and every allegation and averment

contained in Paragraphs 1 through 140 as fully set forth herein.

108.   Defendants owed a duty to Mr. Teshome, because a special relationship existed between Defendants and Mr. Teshome, and/or Defendants have committed another tort.

109.   Defendants breached their duty to Mr. Teshome.

110.   Defendants' actions caused Plaintiff emotional distress that is so severe that no reasonable man should be expected to endure it.

111.   Defendants' actions caused Mr. Teshome's emotional distress.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

f.   An amount of damages deemed reasonable by the trier of facts sufficient to compensate Plaintiff.

g.   Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

h.   An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

i.   Costs and attorneys' fees to the extent allowable by law.

j.   Such further relief as the Court deems proper and just.

## JURY REQUEST

Plaintiff hereby requests a jury trial.


Dated at Portland, Maine this 4th day of May, 2020.

_____
Jon C. Gale, Esq.
Attorney for Plaintiff

Jon C. Gale, Esq.
477 Congress Street, 5th Floor
Portland, Maine 04101
207 523-3424