UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ABIL TESHOME, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00150-JAW |
| ) | |
| MAINE STATE PRISON, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

On May 4, 2020, Abil Teshome filed a complaint against the Maine State Prison (MSP), State of Maine/Maine Department of Corrections (MDOC), Correct Care Solutions (CCS), John Does 1 and 2 who are alleged employees of the Maine State Prison, and John Doe 3, an alleged CCS employee. *Compl.* (ECF No. 1). Mr. Teshome's eleven-count Complaint asserted claims under both state and federal civil rights law as well as Maine tort law following being attacked and stabbed by other inmates with shanks and subsequent medical care in the MSP. *Id.* ¶¶ 43-111. On October 23, 2020, Mr. Teshome moved to withdraw his claims against the MSP and MDOC, conceding that the doctrine of sovereign immunity prevented him from raising these claims in federal court. *Pl.'s Mot. to Withdraw All Allegations Regarding Maine State Prison and Dep't of Corr.* at 1-2 (ECF No. 18).

On October 26, 2020, John Doe 3 and CCS moved for summary judgment on the issue of administrative exhaustion and further moved to dismiss Mr. Teshome's Complaint for failure to state a claim. *Def. Correct Care Solutions/Wellpath, LLC*

*and Def. John Doe 3's Mot. to Dismiss the Compl. and for Summ. J. on the Issue of Exhaustion of Administrative Remedies* (ECF No. 20).[1]  On November 16, 2020, Mr. Teshome responded in opposition. *Pl.'s Obj. to Def.'s Mot. to Dismiss and for Summ. J.* (ECF No. 24). On November 30, 2020, the Defendants replied. *Def. Correct Care Solutions and Def. John Doe 3's Reply to Pl.'s Obj. to Def.'s Mot. to Dismiss and Mot. for Summ. J.* (ECF No. 26).

On January 14, 2021 the Magistrate Judge submitted his Recommended Decision. *Recommended Decision on Defs.' Mot. to Dismiss and Mot. for Summ. J.* (ECF No. 27) (*Recommended Decision*).  At the outset, the Magistrate Judge concluded "summary judgment in favor of Defendants is warranted as to" Mr. Teshome's federal claims because he failed to comply with the Prison Litigation Reform Act's exhaustion requirement. *Id.* at 7. Turning to the Defendants' motion to dismiss, the Magistrate Judge first concluded Mr. Teshome "has failed to state a plausible claim for relief under [42 U.S.C.] § 1985(3)" for a civil rights conspiracy. *Id.* at 11-12. Second, the Magistrate Judge determined Mr. Teshome's claim for a civil conspiracy failed under both 42 U.S.C. § 1983 and Maine tort law. *Id.* at 12-15. Third, the Magistrate Judge held Mr. Teshome's Eighth Amendment claim against John Doe 3 failed because he "has not alleged facts that would support a deliberate indifference finding." *Id.* at 19. Fifth, the Magistrate Judge concluded Mr. Teshome failed to state a claim for municipal liability under 42 U.S.C. § 1983 against CCS. *Id.*

---

[1] On October 28, 2020, the Magistrate Judge dismissed John Doe 3 and CCS's motion to dismiss and for summary judgment as moot insofar as it pertained to Mr. Teshome's withdrawn claims against the MDOC and MSP. *Order* (ECF No. 23)

at 19-21.

The Magistrate Judge recommended that the Court grant the Defendants' motion for summary judgment and their motion to dismiss Mr. Teshome's Complaint for failure to state a claim. *Id.* at 2. Alternatively, the Magistrate Judge observed the Court could enter summary judgment for the Defendants on Mr. Teshome's federal claims and then decline to exercise supplemental jurisdiction over remaining state law claims. *Id.* at 22 n.10. Neither Mr. Teshome nor the Defendants objected to the Recommended Decision. The Court concludes that dismissal is a more appropriate remedy than a declination of the exercise of supplemental jurisdiction.

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the recommendations of the United States Magistrate Judge in full, for the reasons set forth in his Recommended Decision and determines that no further proceedings are necessary.

1. The Court <u>AFFIRMS</u> the Recommended Decision of the Magistrate Judge (ECF No. 27).

2. The Court <u>GRANTS</u> Defendant Correct Care Solutions/Wellpath LLC's and Defendant John Doe 3's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (ECF No. 20).

3. The Court <u>ORDERS</u> the Clerk of Court to enter judgment in favor of John Doe 3 and Correct Care Solutions on Counts I, IV, and V on the basis that Mr. Teshome failed to exhaust his administrative remedies.

4. The Court <u>GRANTS</u> Defendant Correct Care Solutions/Wellpath LLC's and Defendant John Doe 3's Motion to Dismiss the Complaint (ECF No. 20) for failure to state a claim.

5. The Court <u>DISMISSES</u> the remaining Counts of Abil Teshome's Complaint (ECF No. 1).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of February, 2021